United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **OSCAR ALEXI ROSA CASTRO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01789** |
| | § | |
| **WARDEN,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), brought by *pro se* Petitioner Oscar Alexi Rosa Castro ("Petitioner").

Petitioner challenges his post-removal-order detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) arguing that his detention violated his due process rights under the Fifth Amendment. (*Id.* at 4.) The Court ordered Respondents to file a response to the habeas petition on or before October 14, 2026. (Dkt. 5.) Respondents filed a timely Response to Petitioner's Writ of Habeas Corpus and a subsequent Advisory Regarding Intent to Remove informing the Court that Petitioner was subject to a final order of removal. (Dkts. 8, 11.) Respondents removed Petitioner from the United States on November 19, 2026. (Dkt. 12.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his or her detention will typically moot the case because the requested relief can no

longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on November 19, 2026, pursuant to a removal order. (Dkt. 12.) Because Petitioner only challenged his ongoing detention, the petition for writ of habeas corpus is moot because he has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this November 20, 2026.



Diana Saldaña
United States District Judge